IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT TAYLOR                                                                                             Plaintiff

v.                                          No. 1:14CV00088-KGB-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                                            Defendant

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## **Recommended Disposition**

Robert Taylor seeks judicial review of the denial of his application for social security disability benefits.[3] Taylor worked as a machine operator for Medallion Foods for many years.[4] He claims he has been disabled since January 22, 2012, when he was treated for accelerated hypertension.[5] After treatment, he quit his job and applied for disability benefits. Taylor was thirty-two years old at that time. Taylor based his claim on heart trouble, high blood pressure, blackouts, heart palpitations, dizziness, shortness of breath, weakness, anxiety, and back, arm, leg, and chest pain.[6]

**The Commissioner's decision**. After considering the application, the Administrative Law Judge (ALJ) determined Taylor has severe impairments — heart palpitations with mild heart enlargement, hypertension, obesity, and anxiety[7] — but he can do some light work.[8] Because a vocational expert identified available work for a person

---

[3]SSA record at pp. 117 & 122 (applying for disability benefits on Feb. 16, 2012 and alleging disability beginning Jan. 22, 2012).

[4]*Id*. at pp. 145, 155 & 200.

[5]*Id*. at p. 297 (diagnosing accelerated hypertension).

[6]*Id*. at p. 154.

[7]*Id*. at p. 13.

[8]*Id*. at p. 16 (placing the following limitations on light work: (1) no work around excessive noise, humidity, vibration, temperature extremes, fumes, gases, dusts, chemical, and other pulmonary irritants; (2) incidental interpersonal contact; (3) tasks learned and performed by rote with few variables and little required judgment; and (4) simple, direct, concrete supervision).

with Taylor's impairments,[9] the ALJ determined Taylor is not disabled and denied the application.

After the Appeals Council denied a request for review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Taylor filed this case to challenge the decision.[12] In reviewing the decision, the court must decide whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Taylor's allegations**. Taylor asks the court to remand this case because the ALJ did not include obesity in the hypothetical question. Taylor relies on *Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998), and a health care provider's treatment note describing him as

---

[9]*Id*. at p. 41 (identifying office helper and cashier II as representative available work).

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

"massively obese." On this authority, he contends the ALJ's hypothetical question was defective. Taylor challenges the ALJ's evaluation of his credibility. He claims the ALJ failed to discuss required factors.[14]

**The ALJ did not err in evaluating credibility**. Although Taylor complains the ALJ failed to discuss required factors, the ALJ followed the required two-step process and considered the required factors.[15] The question before the Court is whether substantial evidence supports the ALJ's credibility evaluation. Substantial evidence exists if a reasonable mind would accept the evidence as adequate to support a conclusion.[16]

Taylor's explanation about why he can't work shows why a reasonable mind would accept the evidence as adequate. When asked why he can't work, Taylor provided the following explanation:

> Sir, I don't know. I've been, I've been working, trying to work for a long time and I've been dealing with this and every time, you know, I ended up in the hospital. And get out I tried, and I kept trying, trying to work and I guess, just my body just couldn't take it no more. I mean you see on my track record, it ain't nothing – you know, I have been trying to work and I'm working – might come from (INAUDIBLE), but when your body just give up, I was just trying to take my medications and keep trying, but I guess, it just, it just gave out on me.[17]

---

[14]Docket entry # 10.

[15]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[16]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[17]SSA record at p. 33.

Taylor's explanation suggests his blood pressure remains uncontrolled, despite his best efforts. He implied that he has followed prescribed treatment. Treatment records belie that representation. Taylor has had high blood pressure for several years. Doctors have prescribed treatment, but Taylor has not complied. Taylor's long-time primary care physician (PCP) described Taylor as having been "under my care intermittently for many years. He has been noncompliant the entire time."[18] Noncompliance weighs against Taylor's credibility.[19]

Taylor's explanation suggests he was hospitalized due to complications of high blood pressure, but he was treated and released within a few hours. The referred-to hospitalization occurred on January 22, 2012 — Taylor's alleged onset date — when Taylor presented to a hospital emergency room with complaints of dizziness and lightheadedness. Taylor was examined, treated, and discharged with instructions to followup with his PCP.[20]

The following day, Taylor presented to his PCP. He stated that he felt he could no longer work and he wanted to draw his disability and unemployment compensation.[21] He

---

[18]*Id*. at p. 408.

[19]*Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). *See also* 20 C.F.R. §§ 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

[20]SSA record at pp. 297-98.

[21]*Id*. at p. 408.

did not intend to return to work.[22] He asked to see a heart specialist.[23]

Forty-five days later, the specialist prescribed regular, moderate aerobic exercise to maintain cardiovascular fitness.[24] That recommendation contradicts Taylor's claim of physical limitation.[25] The specialist also cancelled a previously-scheduled exercise stress test because Taylor had no chest pain.[26] Cancelling the stress test contradicts Taylor's allegation of chest pain.

Twenty-four weeks later, a medical provider — the one who described Taylor as massively obese — scheduled Taylor for dietary counseling.[27] Taylor did not attend.[28] At his last medical visit, his medical provider described his condition as stable.[29] Under these circumstances, a reasonable mind would accept the evidence as adequate to support the ALJ's credibility evaluation. Taylor over-stated his limitations.

**The ALJ's hypothetical question was proper.** Taylor's complaint about the hypothetical question implicates step five of the disability-determination process. At step

---

[22]*Id.*

[23]*Id.*

[24]*Id.* at p. 506.

[25]*Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

[26]SSA record at p. 506.

[27]*Id.* at p. 554.

[28]*Id.* at p. 555.

[29]*Id.* at p. 613.

6

five, the ALJ considers whether work exists that the claimant can do given his medical impairments, age, education, past work experience, and residual functional capacity.[30] If the claimant has a nonexertional impairment like obesity,[31] the ALJ must obtain vocational evidence by questioning a vocational expert using a hypothetical question.[32] A "hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the 'concrete consequences' of those impairments."[33]

**The ALJ's hypothetical question captured the concrete consequences of obesity.** The ALJ's consideration of obesity appears on pages three and four on the challenged decision.[34] The ALJ referred to the National Institutes of Health guidelines on obesity, calculated Taylor's body mass index (BMI), recognized that Taylor's BMI classifies him as extremely obese, acknowledged agency guidelines about the effects of obesity on the ability to work, and reduced Taylor's ability to work to light work based on extreme obesity.[35] The ALJ found "that Level III obesity alone causes significant limitation in [Taylor's] ability to perform basic work activities" and determined that limiting Taylor to light work with

---

[30]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[31]*Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).

[32]*Stewart v. Shalala*, 957 F.2d 581, 586 (8th Cir. 1992).

[33]*Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

[34]SSA record at pp. 13-14.

[35]*Id*.

environmental limitations "more than adequately accounts for" obesity.[36] The ALJ included this limitation in the hypothetical question.[37] Including the limitation captured the concrete consequences of Taylor's impairments.

***Morrison* does not render the hypothetical question defective**. In *Morrison*, the Eighth Circuit remanded, in part, because the ALJ failed to include obesity in the hypothetical question.[38] The result flowed from the 1997 Listing of Impairments.[39] In 1997, obesity was a listed impairment.[40] In 1999, the Commissioner deleted the obesity listing because the required criteria "did not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity."[41] The Commissioner modified other listings to ensure the effects of obesity are considered in determining whether claimants are disabled and to remind ALJs "that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments

---

[36]*Id*. at p. 14.

[37]*Id*. at p. 41.

[38]The other reason for remanding was the failure to address the VA's disability rating.

[39]*Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) ("While Morrison's weight does not meet the listing level at which he would be automatically disabled by his obesity, at the time of the hearing, he was within sixteen pounds of meeting the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997).").

[40]20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997).

[41]SSR 02-1p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Obesity*.

considered separately."[42] The Commissioner also revised its policy guidance for evaluating obesity in disability claims. The ALJ applied the policy to Taylor's claim. No reason existed to include obesity in the hypothetical question.

### Conclusion and Recommendation

A reasonable mind would accept the evidence as adequate to show Taylor can work within the ALJ's parameters because the ALJ's hypothetical question captured the concrete consequences of Taylor's impairments and because the vocational expert identified available work. Substantial evidence supports the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Taylor's request for relief (docket entry # 2) and affirming the Commissioner's decision.

Dated this 17th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[42]*Id.*