IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT TAYLOR**                                                                                                   **PLAINTIFF**

**V.**                      Case No. 1:14-cv-00088-KGB/JVV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                            **DEFENDANT**

<u>**ORDER**</u>

       The Court has reviewed the Recommended Disposition received from Magistrate Judge Joe J. Volpe (Dkt. No. 13). After careful review of the Recommended Disposition, and the timely objections received thereto (Dkt. No. 14), as well as a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

       The Court writes separately to address plaintiff Robert Taylor's objections (Dkt. No. 14). Mr. Taylor asserts that there is not substantial evidence in the record as a whole to support the Commissioner's decision to deny Mr. Taylor Social Security Income benefits when the hypothetical posed by the Administrative Law Judge ("ALJ") to the vocational expert ("VE") omitted any reference to Mr. Taylor's extreme obesity. Specifically, Mr. Taylor contends that Judge Volpe incorrectly concluded that the ALJ's hypothetical question to the VE captured the concrete consequences of Mr. Taylor's physical limitations and restrictions.

       In considering Mr. Taylor's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862–63 (8th Cir. 2004). "Substantial evidence is less than a

preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217.

Mr. Taylor argues that Judge Volpe erred in concluding that, because the hypothetical question captured the concrete consequences of obesity, the Eighth Circuit's decision in *Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998), does not require reversal of the Commissioner's decision. When an ALJ poses a hypothetical question to a vocational expert to determine the availability of other work, the ALJ must precisely set out all of the claimant's impairments. *Morrison*, 146 F.3d at 628. Specifically, in regard to obesity, although obesity was listed as an impairment in the 1997 version of the Listing of Impairments, the Commissioner deleted the obesity listing in 1999 and modified other listings and agency policy to ensure that, despite its removal as a listing, the effects of obesity are considered in determining whether claimants are disabled. Here, the ALJ correctly addressed obesity at step three of the disability-determination process (Dkt. No. 9, Tr. at 13–14).

Further, based on this Court's *de novo* review of the record as a whole, the hypothetical question posed by the ALJ to the VE adequately addressed the effects of obesity in this case based on the record evidence. Put another way, the hypothetical did not omit any reference to obesity as Mr. Taylor contends. During the hearing on Mr. Taylor's claim, the following colloquy occurred:

> ALJ: Assume there's an individual as the same age and education and work experience as the claimant. Considering the impairments and also considering mild to moderate pain and *obesity*, the individual would have the ability to perform work within the full range of the light classification exertionally with the individual avoiding work around excessive chemicals and noise, humidity, dust, fumes, temperature extremes, vibrations, gases, or other pulmonary irritants. Based on a diagnosis of anxiety, further assume I find the individual to have the ability to perform work in a setting where interpersonal contact is incidental to the work performed. The complexity of the tasks is learned and performed by rote with few variables, little judgment, and the supervision required is simply, direct, and concrete. Could this individual perform any of the claimant's past relevant work?
>
> VE: No, sir.
>
> ALJ: Could this individual perform any other jobs that exist in the local, regional, or national economy?
>
> VE: Yes, sir.

(Dkt. No. 9, Tr. at 41) (emphasis added). Since *Morrison*, the Eighth Circuit has affirmed that the hypothetical question posed to the VE need not explicitly use the word obesity as long as the ALJ adequately describes the claimant's physical limitations and restrictions. *See, e.g.*, *Robson v. Astrue*, 526 F.3d 389 (8th Cir. 2008); *Thompson v. Astrue*, 226 F. App'x. 617, 620 (8th Cir. 2007) (unpublished). Here, the ALJ not only included the term obesity in the hypothetical but also adequately described Mr. Taylor's physical limitations and restrictions.

The Court concludes that the Commissioner's decision is supported by substantial evidence in the record as a whole. It is therefore ordered that the Commissioner's decision is affirmed, Mr. Taylor's request for relief is denied, and this case is dismissed with prejudice. Judgment shall be entered accordingly.

SO ORDERED this 29th day of September, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE